IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LUCAS EUGENE BLAINE HOLLINGSWORTH,**

                    **Petitioner,**

v.                                                                    CASE NO. 23-3163-JWL

**LAURA KELLY[1],**

                    **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner, who is proceeding pro se, is a pretrial detainee facing state criminal charges in Crawford County, Kansas. His fee status is pending. (*See* Docs. 2, 3.) The Court has conducted a preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause, in writing, why this action should not be dismissed for failure to state a claim for relief under § 2254 and, in the alternative, under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

### Background

In 2022, Petitioner was charged in Crawford County District Court with one count of aggravated assault and one count of aggravated burglary. (Doc. 1, p. 1.) He filed his federal habeas petition on June 28, 2023.[2] *Id.* at 14. In Ground One of the petition, he alleges that when he was

---

[1] Petitioner has named Laura Kelly as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Danny Smith, the current Sheriff of Crawford County, Kansas, where Petitioner is confined in the Crawford County Jail, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] "Because [Petitioner] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes." *United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019).

1

arrested, he was not given the warnings required by *Miranda v. Arizona,* 384 U.S. 436 (1966), and he was not allowed to tell his version of the relevant events. *Id.* at 5. In Ground Two, he alleges that despite giving multiple tips of criminal activity, detectives have not interviewed him and instead law enforcement has covered up the crimes. *Id.* at 6. In Ground Three, Petitioner challenges the competency proceedings that occurred in his state criminal case, arguing that he was not allowed to aid in his own defense and that his mental state was used against him in court. *Id.* at 8. In Ground Four, Petitioner asserts that the alleged victim in his state criminal case and the victim's girlfriend manufacture methamphetamine, add rat poison to it, and sell it to individuals including Petitioner. *Id.* at 9. As relief, Petitioner seeks $100,000,000.00 plus costs and fees as well as transfer to another jail pending the outcome of his case. *Id.* at 14.

**Standard of Review**

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Analysis**

The fundamental requirement for a state prisoner to be eligible for relief under 28 U.S.C. § 2254 is that he or she must be in custody because of a state-court judgment. *See* 28 U.S.C. § 2254. In Kansas state courts, "'[t]he final judgment in a criminal case is the sentence.'" *State v. Weekes*, 308 Kan. 1245, 1249 (2018) (quoting *State v. Tafoya*, 304 Kan. 663, 666-67 (2016)). Even though the federal habeas petition now before the Court includes the sentencing grid presumptive

sentence for the crimes with which Petitioner is charged (Doc. 1, p. 1), nothing in the petition indicates that Petitioner has yet been tried, convicted, or sentenced in the state-court criminal case against him. The online records of the Crawford County District Court for case number CRG-2022-CR-00330 reflect that the charges against him are still pending and that a competency hearing was held on June 28, 2023. Thus, because Petitioner is not incarcerated under a criminal conviction and sentence, it is too soon for him to obtain relief under 28 U.S.C. § 2254. *See Counce v. Guerra*, 2018 WL 6019300, *2 (D. Kan. Nov. 16, 2018) (unpublished) ("Since Plaintiff has not yet been convicted let alone fully exhausted his state remedies, a federal habeas action would be premature and subject to dismissal without prejudice.").

As noted above, the Court liberally construes pro se pleadings, but even if the Court were to construe this as a petition for federal habeas relief under 28 U.S.C. § 2241, it would still be subject to dismissal. The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, but held that otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 251-52 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity"). Nearly a century later, the United States Supreme Court reaffirmed that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009)

(quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

The petition filed by Petitioner does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention. Petitioner does not allege that the act for which the State of Kansas is charging him was done under the authority of a federal law or foreign government, nor does this case involve foreign relations or present any indication that the State of Kansas should not be allowed to resolve Petitioner's constitutional claims. *See Ex Parte Royall*, 117 U.S. at 251-52. Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in Crawford County district court. The criminal case against Petitioner is ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings. Thus, even if the Court were to liberally construe the petition as seeking relief under 28 U.S.C. § 2241, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in Crawford County against Petitioner.

Finally, the Court notes that the relief Petitioner seeks is not available in a federal habeas corpus action. Petitioner seeks monetary damages and transfer to a different jail during the rest of his state criminal case. Money damages are not available as relief in a federal habeas corpus action. Only after a prisoner succeeds in obtaining habeas corpus relief because of a violation of his constitutional rights may he bring a civil action for damages against the person or persons whose misconduct led to the illegal confinement, assuming that person does not have immunity. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "[T]he traditional function of the writ [of habeas

4

corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012)). A writ of habeas corpus does not award money or direct the location at which a state prisoner is housed by state authorities.

Petitioner is therefore directed to show cause, in writing, on or before August 18, 2023, why this matter should not be summarily dismissed without prejudice for failure to state a claim on which relief can be granted in a federal habeas action. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Danny Smith, Sheriff of Crawford County, Kansas, where Petitioner is confined in the Crawford County Jail, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is directed to show cause, in writing, on or before August 18, 2023, why this matter should not be summarily dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:   This 12th day of July, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge