IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LUCAS EUGENE BLAINE HOLLINGSWORTH,

Petitioner,

v.                                                                      CASE NO. 23-3163-JWL

DANNY SMITH,

Respondent.

## MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and a motion for leave to proceed in forma pauperis (Doc. 2). He failed to include the financial information required to support his motion for leave to proceed in forma pauperis, so on July 11, 2023, the Court issued a notice of deficiency directing Petitioner to submit the financial information "within thirty (30) days of the date of this Notice." (Doc. 3.) The notice further warned: "If you fail to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.*

On July 12, 2023, the Court issued a notice and order to show cause (NOSC) that explained that the petition failed to state a claim on which relief could be granted under § 2254 and it raised only grounds related to ongoing state court proceedings, in which the Court must decline to interfere under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). (Doc. 4.) The NOSC therefore directed Petitioner to show cause in writing why this matter should not be dismissed without prejudice. *Id.* at 5.

The deadline for Petitioner to comply with the notice of deficiency was August 10, 2023

1

and the deadline to respond to the NOSC was August 18, 2023, but the Court has received nothing further from Petitioner.

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Based on Petitioner's failure to comply with the notice of deficiency, the Court will dismiss this matter without prejudice under Rule 41(b). In the alternative, the Court finds that this matter should be dismissed for failure to state a claim on which federal habeas relief can be granted, as set forth in the NOSC.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice. The motion to proceed in forma pauperis (Doc. 2) is denied as moot. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 24th day of August, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge